```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MONTANA
                   MISSOULA DIVISION
    _____
```

|  |  |
|---|---|
| NAUTILUS INSURANCE COMPANY, | CAUSE NO. CV 06-80-M-JCL |
| Plaintiff, | |
| vs. | REPORT & RECOMMENDATION |
| KEYSTONE CONTRACTORS, INC., a Montana corporation; RICHARD S. OCKEY, AMY OCKEY, MARK ROBERTS and CHERYL ROBERTS, | |
| Defendants. | |

```
    _____
```

This matter comes before the Court on Nautilus Insurance Company's Complaint for Declaratory Relief, filed May 17, 2006. Nautilus commenced this diversity action, presumably pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Complaint (May 15, 2006).

At all times relevant to this action, Defendants Keystone Contractors, Inc., and its principals Richard and Amy Ockey were insured under commercial general liability policies issued by Nautilus. Complaint, ¶ 8. According to Nautilus, Keystone had "entered into separate contracts for the construction of dwellings consisting of homes and townhomes in Flathead County" with several individuals. Complaint, ¶ 9. Several of those

REPORT AND RECOMMENDATION/ PAGE 1

individuals commenced separate actions in state court against Keystone, Keystone and the Ockeys, and Keystone and the Roberts. Complaint, ¶¶ 10, 11, 12.  The complaints in those cases, which were consolidated by the state court, allege that Keystone breached its duties under the construction contracts, thereby damaging the plaintiffs.  Complaint, ¶ 14.  Keystone has in turn alleged third party claims in the state court action against its business and asset managers, Mark and Cheryl Roberts.  Complaint, ¶ 15.

Nautilus has commenced this declaratory judgment action, seeking a declaration that it has no duty to defend or indemnify Keystone or its principals, Richard Ockey and Amy Ockey in the consolidated state court action under the terms of the commercial general liability policies at issue.  Complaint, ¶¶ 16, 17, 18. Nautilus also seeks a declaration that it has no duty to defend or indemnify Mark and Cheryl Roberts in the consolidated state court action. Complaint, ¶ 19.  Finally, Nautilus seeks to recover attorneys' fees and costs.  Complaint, Prayer for Relief, ¶ 2.

Although a real case or controversy exists between the parties, and although this Court appears to have jurisdiction over this action based on diversity of citizenship and a sufficient amount in controversy, the exercise of jurisdiction over a declaratory judgment action such as this one is "committed to the sound discretion of the federal district courts."  *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 802 (9th Cir.

REPORT AND RECOMMENDATION/ PAGE 2

2002). *See also Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (recognizing that a court's decision to hear a declaratory judgment action is discretionary even when a case or controversy exists and statutory jurisdiction is established). The district court may sua sponte raise the issue of whether it should exercise its discretion to hear a declaratory judgment claim. *Dizol*, 133 F.3d at 1221; *Qualcomm Inc. v. GTE Wireless, Inc.*, 79 F. Supp. 2d 1177, 1179 (S.D. Cal. 1999).

There is no presumption in favor of either declining or retaining jurisdiction. *Huth*, 298 F.3d at 803. Rather, the courts are free to decide whether to retain jurisdiction upon consideration of various factors. In considering the various factors, the court must "make a sufficient record of its reasoning to enable appropriate appellate review." *Dizol*, 133 F.3d at 1225.

The basic factors for consideration are set forth in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S. Ct. 1173 (1942) and they "remain the philosophic touchstone for the district court." *Dizol*, 133 F.3d at 1225. Under *Brillhart* "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225. Further, in *Dizol* the court noted:

REPORT AND RECOMMENDATION/ PAGE 3

> The *Brillhart* factors are not exhaustive. We have suggested other considerations, such as "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Dizol*, 133 F.3d at 1225 n.5.

Here, the first *Brillhart* factor weighs in favor of declining to exercise jurisdiction. A declaratory judgment action involving insurance issues raises areas of law "principally regulated by the state where 'comity concerns' are 'particularly weighty.'" *Kolstad v. Trinity Universal Ins. Co. of Kansas*, 12 F. Supp. 2d 1101, 1105 (D. Mont. 1998) (quoting *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798-99 (9th Cir. 1995)). *See also Huth*, 298 F.3d at 804 (finding that the issue of insurance coverage is a "purely state law issue[]" and the state court would be the preferable forum).

The second *Brillhart* factor is neutral. There is no evidence that the filing of this federal action was an act of forum shopping.

However, the third and final *Brillhart* factor also weighs in favor of declining to exercise jurisdiction. Although there is no evidence that this action is directly duplicative of any other existing action, a district court may decline to exercise jurisdiction when a parallel state court action is pending.

REPORT AND RECOMMENDATION/ PAGE 4

*Dizol*, 133 F.3d at 1225; *Qualcomm Inc.*, 79 F. Supp. 2d at 1179 (declining to exercise jurisdiction when a parallel federal court action already existed). "The primary instance in which a district court should exercise its discretion to dismiss a case is presented when there exists a parallel proceeding in state court." *Maryland Casualty Co.*, 96 F.3d at 1288 (citing *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76 (1942)). Although ordinarily a parallel state action must involve the same issues and parties (*Dizol*, 133 F.3d at 1225), the dispositive issue is whether a state court procedural remedy is available to the insurance company to raise the same issues raised in the federal court action. *Kolstad*, 12 F. Supp. 2d at 1104 (citing *Polido v. State Farm Mutual Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other grounds, *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998)).

    Here, Nautilus could file an independent declaratory judgment action in state court pursuant to Mont. Code Ann. § 27-8-201, or move to intervene in the consolidated state court action. It is thus clear that Nautilus has other state court remedies available to it to pursue the claims it raises in this case, which involve purely state law issues.

    Alternatively, even if the existing state court action cannot be deemed a "parallel action," the absence of a parallel state court action does not preclude the court from considering whether to exercise its discretionary jurisdiction. *Kolstad*, 12

REPORT AND RECOMMENDATION/ PAGE 5

F. Supp. 2d at 1104.

Based on the foregoing, this Court should decline to exercise jurisdiction over this case.  Accordingly, the Court hereby enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that this action be **DISMISSED** without prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.  The parties shall include in their objections a statement advising the Court of the date on which they received a copy of Court's Findings and Recommendation.

DONE and DATED this 3rd day of August, 2006.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge