FILED
MISSOULA, MT

2006 OCT 19 PM 5 04

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, | ) | CV 06-80-M-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| KEYSTONE CONTRACTORS, INC., a | ) | |
| Montana corporation; RICHARD S. | ) | |
| OCKEY, AMY OCKEY, MARK | ) | |
| ROBERTS and CHERYL ROBERTS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I. Introduction**

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on August 3, 2006. Plaintiff timely objected on August 21, 2006. Plaintiff is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). Judge Lynch recommended declining to exercise jurisdiction and dismissing the action without prejudice. Despite Plaintiff's objections, I agree with Judge Lynch's recommendation.

## II. Analysis

Defendants here, Keystone Contractors, Inc., Richard S. Ockey, Amy Ockey, Mark Roberts, and Cheryl Roberts, were sued by homeowners in three separate state court actions in Montana. The state court suits alleged Defendants breached duties arising under home construction contracts. At all times relevant to the state court actions, Defendants were insured under commercial general liability policies issued by Plaintiff in the instant case, Nautilus Insurance Company ("Nautilus"). Nautilus, however, was not named as a party in the state court suits.

On May 17, 2006, Nautilus filed an action in this Court seeking a declaration that it is not obligated to defend or indemnify Defendants in the state court actions. In his Findings and Recommendation, Judge Lynch assessed whether this Court should exercise its discretion under the Declaratory Judgements Act, 28 U.S.C. § 2201, to hear Nautilus' claim. After considering the factors set forth in Brillhart v. Excess Insurance Company, 316 U.S. 491 (1942), Judge Lynch recommended declining to exercise jurisdiction.

Nautilus acknowledges Judge Lynch considered the proper factors in determining whether the Court should exercise jurisdiction. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998) (observing under Brillhart, "[t]he district court should avoid needless determination of state law

issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation"). Nevertheless, in its objections, Nautilus argues Judge Lynch failed to consider several important points in analyzing the Brillhart factors and failed to consider other factors that weigh in favor of retaining jurisdiction. In particular, Nautilus asserts Judge Lynch erred in concluding the availability of state court procedural remedies was dispositive. Judge Lynch, however, did not rely exclusively on the availability of state court remedies in recommending to decline jurisdiction. Instead, Judge Lynch assessed each of the three Brillhart factors, noting that both the first and third factors weighed against exercising jurisdiction. In its objections, Nautilus presents additional circumstances not considered by Judge Lynch that it claims support retaining jurisdiction. As discussed more fully below, however, the Court does not believe these other circumstances support retention of jurisdiction.

First, Nautilus argues it may encounter prejudice in state court if it is forced to pursue a remedy there. Nautilus claims intervention in the pending state court actions will prejudice its insureds by informing the jury of the availability of insurance coverage. If instead Nautilus files an independent declaratory judgment action in state court, Nautilus claims it will be prejudiced because the facts underlying its insureds

alleged misdeeds have been well publicized in Flathead County. Nautilus asserts the purpose of diversity jurisdiction, to provide a forum free from prejudice for out-of-state litigants, weighs in favor of the Court's exercising jurisdiction here.

Nautilus' claims of potential prejudice in state court, however, do not warrant the exercise of jurisdiction. Insurance issues are traditionally governed by state law. Therefore, unless an insurer raises an additional federal law claim, it is not entitled to bring a declaratory judgment action in federal court absent diversity of citizenship. See Declaratory Judgment Act, 28 U.S.C. § 2201 (requiring that declaratory judgment action be within the district court's jurisdiction). As a result, the majority of declaratory judgement actions brought by insurers in federal court involve a potential for prejudice if the federal court declines to exercise jurisdiction. See, e.g., Huth v. Hartford Ins. Co., 298 F.3d 800, 802 (9th Cir. 2002); Polido v. State Farm Mut. Auto. Ins. Co., 110 F.3d 1418, 1419-20 (9th Cir. 1997), overruled on other grounds by Gov't Employees, 133 F.3d 1220; Kolstad v. Trinity Universal Ins. Co., 12 F. Supp. 2d 1101, 1102 (D. Mont. 1998). If federal courts were required to exercise jurisdiction in each case because of the potential for prejudice, the exercise of jurisdiction would no longer be discretionary. See Huth, 298 F.3d at 802 (noting the exercise of jurisdiction over a declaratory judgment action is "committed to

the sound discretion of the federal district courts"). In fact, Nautilus has not cited a single case where the district court considered the issue of prejudice in deciding whether to exercise jurisdiction. The Court thus does not believe any potential prejudice Nautilus may face in state court weighs strongly in favor of exercising jurisdiction.

Second, Nautilus argues duplicative litigation may result if jurisdiction is declined. The need to avoid duplicative litigation is a Brillhart factor, and Judge Lynch considered it in his Findings and Recommendation. Judge Lynch determined the factor weighed against exercising jurisdiction. In its objections, Nautilus claims Judge Lynch failed to consider that Nautilus will have to effect service of process on its insureds again in state court and receive another relief from the automatic stay instituted when its insureds declared bankruptcy if this Court declines to exercise jurisdiction. These inconveniences, however, do not constitute duplicative litigation. See Will v. Hallock, 126 S. Ct. 952, 960 (2006) (defining "duplicative litigation" as "multiple suits on identical entitlements or obligations between the same parties" (emphasis added)). Therefore, Judge Lynch did not err in failing to consider them in his analysis.

Third, Nautilus contends the Court's failure to exercise jurisdiction will result in piecemeal litigation. Nautilus

notes, if this Court declines jurisdiction, it will likely file a separate declaratory judgment action in state court. Nautilus also contends one of its insureds has threatened to file a bad faith action against Nautilus in state court, which Nautilus will likely remove to federal court. If Nautilus chooses not to intervene in the pending state court actions, two suits will be necessary, regardless of whether the second suit, the declaratory judgment action, proceeds in state court or federal court. Nautilus' claim of a third suit is merely speculative. Mere speculation that another suit will be filed and removed to federal court does not weigh in favor of exercising jurisdiction. See Kolstad, 12 F. Supp. 2d at 1103 (noting need to avoid piecemeal litigation arises when plaintiff asserts both a declaratory judgment claim and a non-discretionary claim).

Finally, Nautilus argues the Court should exercise jurisdiction because, although the declaratory judgement action implicates issues of state law, the issues are not novel. The exercise of federal jurisdiction over a declaratory judgement action that presents novel issues of state law is disfavored. See Kolstad, 12 F. Supp. 2d at 1105. Nevertheless, even if the state law issues are not novel, the mere existence of state law issues weighs in favor of declining jurisdiction. In Huth, an insurer filed a declaratory judgment action against its insured in federal court. 298 F.3d at 802. The insured subsequently

filed a similar action in state court, and the insurer removed the state action to federal district court. Id. In assessing whether to exercise jurisdiction, the district court determined the second and third Brillhart factors were neutral. Id. at 803, 804. The district court then relied exclusively on the first factor, the existence of purely state law issues, in declining to exercise jurisdiction. Id. at 804. Although the Ninth Circuit noted on appeal that the case did not involve any open questions of state law and thus there was not a great need for state court resolution, it nevertheless concluded the district court did not abuse its discretion in declining to exercise jurisdiction. Id. Thus, the existence of purely state law issues in the instant case weighs against exercising jurisdiction even if the issues are not novel.[1]

---

[1] Nautilus also asserts the pending state court actions are not "parallel" to the instant declaratory judgement action because the state court actions address the breach of duties under construction contracts whereas the federal action involves interpretation of an insurance policy. The Ninth Circuit, however, rejected this argument in Polido v. State Farm Mut. Auto. Ins. Co., 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other grounds by Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1997). In Polido, the court concluded differences in factual and legal issues between state and federal court proceedings do not render the proceedings non-parallel. Id. Instead, the proper inquiry is whether the issues raised in the federal action could have been brought in state court. Id. As Judge Lynch noted, the claims raised by Nautilus here could have been brought in state court. The two proceedings therefore are parallel. Additionally, the absence of a pending state court action does not preclude a district court from declining jurisdiction. Huth v. Hartford Ins. Co., 298 F.3d 800, 802-03 (9th Cir. 2002).

### III. Conclusion

None of the additional circumstances raised by Nautilus weigh in favor of retaining jurisdiction. Moreover, as Judge Lynch rightly concluded in his Findings and Recommendation, the Brillhart factors weight against exercising jurisdiction in this case.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation are adopted in full. The action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

Dated this 19th day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court